## In Re Disbarment of HOOPER.

### (189 N. W. 309.)

(File No. 4660.    Opinion filed July 8, 1922.)

1.  Disbarment—Damages for Rape, Respondent, Plaintiff's Attorney, Alleged Inducing of Withdrawal of Criminal Charge—Insufficiency of Evidence.

In a proceeding for disbarment of an attorney; evidence showing in substance, that respondent, after being employed by the parents of Z to bring suit for damages in her behalf against R, under arrest for statutory rape upon Z, and who after beginning suit was applied to by the criminal defendant to procure dismissal of the criminal action, respondent thereafter procuring a third party to confer with the Z family with a view to inducing them to request withdrawal of the criminal case, R, at respondent's suggestion, having placed $500 in bank in favor of the third party; the latter party thereafter filing in the criminal case prosecutrix's affidavit that the pending charge was false, with written statement of her parents to effect that they believed their daughter had charged R with the crime "to conceal some one else," whereupon the criminal case was dismissed; held, that evidence fails to sustain the charges for purpose of disbarment.

2.  Same—Unethical, Unprofessional, Unlawful Action, Violative of Attorney's License—Frank Commendable Action Indicating Regret—Suspension Adjudged, Not Disbarment.

While the evidence shows that respondent's actions in said proceedings were unethical, unprofessional, unlawful and violative of his duties as a licensed attorney, yet, his conduct in

this Court in voluntarily laying bare the facts re his misconduct being commendable, he not attempting to cover, palliate or conceal them, and having manifested sincere regret for his said conduct; held, though his conduct is regretable, it does not require judgment of disbarment; he will stand suspended from practice for a period of six months.

Original proceeding, in the matter of the application for disbarment of W. J. Hooper, an attorney at law. Judgment of disbarment denied. Judgment of suspension from law practice for six months entered.

*Byron S. Payne*, Attorney General, and *V. R. Sickel*, Assistant Attorney General, for Petitioner.

*A. H. Orvis, J. R. Cash*, and *E. O. Patterson*, for Respondent.

ANDERSON, J. This is an original proceeding in this court for the disbarment of respondent. No referee was appointed and the matter was tried in open court. The record shows that respondent was admitted to the bar of this state in 1893, and that ever since he has been a regularly licensed attorney at law in this state. It appears from the evidence that about September 18, 1916, one Joe Rajewich was arrested, charged with the crime of statutory rape, said to have been committed against one Clara Zobeck; that shortly thereafter the parents of said Clara Zobeck employed respondent to commence an action against said Rajewich to recover damages alleged to have been suffered by the said Clara Zobeck by reason of such rape; that in pursuance of said employment respondent did commence a civil action against said Rajewich for damages in the sum of $2,000. Shortly thereafter said Rajewich came to respondent, and stated to him that he was willing to pay $2,000, the amount for which the action was brought, and would in addition thereto pay respondent $500 if he would also procure the dismissal of the criminal action which was at that time pending. Respondent at that time did not promise to procure the dismissal of the criminal action, but told said Rajewich that he would see him later. A short time thereafter respondent procured one Matejka to confer with the Zobeck family, with a view to inducing them to request the state's attorney to withdraw and dismiss the criminal case. The said Matejka at the time stated to respondent that he did not know whether he could induce the Zobecks to make such request, but

that he had friends among the Bohemians who were friends of the Zobecks, and that they might be willing to do this, but that it would be necessary for Rajewich to pay all the expenses that would be incurred in procuring such consent, and that unless Rajewich would put up in the bank for such purpose the sum of $500 he would have nothing to do with the matter. On the suggestion of respondent, Rajewich did place $500 in the bank for the purpose aforesaid. Thereafter, and on the 18th day of September, 1917, which was the time fixed for preliminary hearing in the case of State v. Rajewich on the charge aforesaid, Matejka caused to be filed, and did file, in the office of the police justice then about to conduct such preliminary hearing, an affidavit of prosecutrix, in substance and effect, "that the charge she made against the defendant, Rajewich, was false," and also a written statement, signed by the parents of prosecutrix, to the effect that they believed "that their daughter had charged Rajewich with the said crime to conceal some one else." And upon the filing of such affidavit and statement the state's attorney requested a dismissal of the charge, and the same was dismissed. The making by prosecutrix of the affidavit and the making and signing of the statement aforesaid by her parents were procured by respondent through the instrumentality of the said Matejka.

[1, 2] Several other charges were filed against respondent, but after a careful consideration of all of them we are of the view that the evidence is not sufficient to sustain such charges, or any of them. From the foregoing we conclude that the actions of the respondent as shown by the evidence were unethical, unprofessional, unlawful, and in violation of his duties as a licensed attorney of this court. On behalf of respondent, however, we wish to state that his conduct in connection with this proceeding has been commendable, in that he came into this court and voluntarily laid bare the facts in relation to his misdoings, never attempting to cover, palliate, or conceal any of them, and that he has manifested what we believe to be sincer regret for his conduct in connection with this matter.

While respondent's conduct is regrettable, yet we feel he has not been shown so unfit to practice his profession as to require that a judgment of disbarment should be entered against him. On the other hand, we believe that he will come to a fuller and

truer realizai on of what it means to be instrusted with a license to practice th profession of law, if such license be taken from him for a period of time. Respondent will stand suspended for a period of six mohths from July 15, 1922, from the practice of law before any of the courts of this state, and from giving advice or in any other manner acting as an attorney at law in this state.